23 C.C.P.A. (Patents)

## In re DOUGHERTY.

### Patent Appeal No. 3527.

Court of Customs and Patent Appeals.
Nov. 25, 1935.

Arthur E. Paige, of Philadelphia, Pa., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The claimed invention in this appeal from a decision of the Board of Appeals of the United States Patent Office relates to a gas water heater. The Board of Appeals affirmed the Primary Examiner's rejection of all the claims, of which claims 11 and 16 were regarded as illustrative by the Board and will be so regarded by us. They follow:

"11. A gas water heater including a fixed frame portion comprising a casing inclosing a water container in heating relation with a combustion chamber and a flue outlet tube from said chamber; said heater having permanently connected therewith cold water inlet and hot water outlet conduits and a gas supply conduit; a plurality of interchangeable gas burners which are of respectively different maximum capacities and readily removable and replaceable in cooperative relation to said gas supply conduit; and changeable baffle means fitted to said flue tube and adjustable for changing the effective length of the passageway for products of combustion through said flue tube for cooperative relation to said different burners; whereby said heater is selectively convertible for widely different capacities of gas combustion and water heating effect without disturbance of said fixed frame portion or the water and gas conduits connected therewith."

"16. A gas water heater, selectively convertible for widely different capacities, of gas combustion and water heating effect, without disturbance of the water connections for said heater; comprising a gas burner and a water container with a flue tube, of invariable length, fixed in said container, with its axis in vertical position, for products of combustion from said burner in heating relation to water in said container; and variable means for changing the effective length of the passageway for products of combustion through said flue tube in accordance with the rate of combustion and heating effect desired."

Appellant's application discloses a gas water heater of the usual type containing a combustion chamber, water container, gas pipe, gas burner, intake and outlet pipes, and a flue. Appellant's alleged invention is claimed to be useful in small private residences where the cost of hot water must be limited in accordance with the income of the occupant and where it is desirable to have a single water heater available, the capacity of which can be decreased or increased at will. To this end applicant provides "a plurality of interchangeable gas burners which are of respectively different maximum capacities and readily removable and replaceable in cooperative relation to said gas supply conduit," and in addition to the interchangeable burners the applicant provides changeable baffle means "fitted to said flue tube and adjustable for changing the effective length of the passageway for products of combustion through said flue tube for cooperative relation to said different burners." By permitting the exchange of a large burner for a small one, and by substituting, in the flue, baffles of different pitches, which substitution lengthens the flue passage, applicant states that his device may be thus regulated or controlled so as to increase or decrease the supply of hot water and the amount of gas consumed.

Some of the claims at bar provide for baffling means to be constructed in a certain manner, while other claims merely call for baffling means in the flue adjustable for changing the length of the passageway.

The claims were rejected on the following references: Elmendorf, 600910, March 22, 1898; Way, 799120, September 12, 1905; Roth, 1272113, July 9, 1918; Burke, 1540535, June 2, 1925; Morley, 1859745, May 24, 1932.

The patent to Elmendorf is for a heating device and particularly one to be used in connection with stovepipes. Products of combustion pass and radiate their heat through the pipe to the air outside. This patent shows baffles of different pitch which operate to increase the length of the passage and regulate the flow of the heat therein.

Way shows a radiator with sectional baffles inserted in a stovepipe. The sectional baffles are positioned around a central rod.

Roth shows a boiler in which there is a spiral baffle member made up of sections having a central sleeve member which may be mounted upon a supporting shaft. The various sections when put together constitute a spiral baffle. The baffles may be arranged so as to permit a relatively unimpeded flow of fluid along the same.

Burke styles his patent a "Heat Saver and Heat Increasing Action for Boiler Flues" and discloses a water heater with flues which contain helical or spiral baffles which can be removed by an implement.

Morley's patent relates to a flue structure for heating apparatus and shows a water heating tank, a burner, and a flue in which is a tube which supports a spiral blade surrounding it.

The Examiner rejected the claims on three grounds: Lack of invention over the references, old combination, and aggregation.

After the Examiner's ruling, a new claim 11 was submitted which differed somewhat in its terms from the original claim 11.

We do not regard it necessary to apply the references to appellant's structure any more than is above set out, and we agree with both tribunals below that appellant's disclosure shows nothing inventive over the disclosures of the prior art.

Concerning the rejection of the claims on the ground of aggregation, the Board said:

"The claims are rejected on three grounds—lack of invention over the references, old combination and aggregation.

"The claims, as they appear in the Examiner's statement, do not seem to us to be

922

aggregations as there is no definite inclusion of any part which may not, under some circumstances, cooperate with the other parts claimed to produce a unitary result. This is not true, however, of new claim 11 also claims 12–15 which depend upon it. These claims include a plurality of interchangeable gas burners only one of which would obviously be used for the production of hot water under a given set of conditions. The other burners might be miles away in the storehouse of the service company. While claim 11 includes a changeable baffle, this expression is broad enough to cover a baffle having removable sections all of which might be used under certain circumstances.

"In contending for the patentability of claim 11 and the claims which depend upon it, appellant has cited certain decisions of this Board which on their face seem to be directed to quite an analogous set of circumstances. In any combination claimed we think it essential that all recited elements shall be capable of cooperation to produce some unitary result."

It will be noticed that the Examiner gave as one ground of rejection that the claims call for an old combination. In the Board's decision it is pointed out that Morley discloses a gas heating device which contains all the elements of appellant's corresponding device. The Board then points out that Morley does not disclose interchangeability of burners or baffles. The Board, therefore, does not affirmatively approve of the Examiner's rejection on this ground. It does not, however, expressly reverse the Examiner on this ground of rejection. Whether the claims call for an old combination is, in view of our conclusion as to the other two grounds of rejection, wholly immaterial.

We think it is clear that all the claims were properly rejected upon the ground of lack of invention over the prior art cited, and the claims calling for interchangeability of burners and baffles were properly rejected on the ground of aggregation. John E. Thropp's Sons' Company v. Seiberling, 264 U.S. 320, 44 S.Ct. 346, 68 L.Ed. 708.

The decision of the Board of Appeals is affirmed.

Affirmed.